**Patrick W. MCALPIN, Plaintiff,**

v.

**RLI INSURANCE COMPANY, et al., Defendants.**

**No. 04–CV–6125L.**

United States District Court, W.D. New York.

May 10, 2004.

Gary H. Abelson Hiscock & Barclay LLP, Rochester, NY, for Plaintiff.

Joseph D. Picciotti, Harris Beach LLP, Pittsford, NY, for Defendant.

## DECISION AND ORDER

LARIMER, District Judge.

Plaintiff, Patrick W. McAlpin, commenced this action in New York State Supreme Court, Ontario County, on February 10, 2004. The complaint asserts a claim for declaratory relief against defendant RLI Insurance Company ("RLI"), based on RLI's denial of insurance coverage to plaintiff in connection with a personal injury action that has been brought against plaintiff in state court by Orlando O'Neill ("O'Neill") and Lori Moose ("Moose"). The personal injury action arises out of an automobile accident involving McAlpin, O'Neill, and Moose. O'Neill and Moose are also named as defendants in the instant action, although the complaint does not assert a claim against them or seek any relief from them whatsoever. According to the complaint, plaintiff has insurance policies with both RLI and another carrier, Progressive Insurance Company ("Progressive"). Progressive has agreed to indemnify him up to the limit of his policy, but plaintiff seeks excess coverage from RLI.

RLI removed McAlpin's action to this Court on March 30, 2004, based on diversity of citizenship under 28 U.S.C. § 1332. The complaint, however, alleges that plaintiff is a resident of New York, that RLI is a Connecticut corporation with its principal place of business in New York, and that O'Neill and Moose are residents of New York. Since, from the face of the complaint, it appeared that complete diversity was lacking, the Court, on April 6, 2004, issued an order directing the parties to show cause why the action should not be remanded to state court for lack of subject matter jurisdiction.

Having reviewed the parties' responses to the order to show cause, I find that this Court does have subject matter jurisdiction, and that the action should remain in this Court. O'Neill and Moose have little if any interest in the outcome of this action, and to the extent that they do, their interests are the same as plaintiff's.

It is a " 'well settled' general principle . . . that diversity jurisdiction must be based only on the citizenship of the real parties in interest, ignoring the citizenship of merely nominal or formal parties." *National Ass'n of State Farm Agents, Inc. v. State Farm Mut. Auto. Ins. Co.*, 201 F.Supp.2d 525, 529 (D.Md.2002). Parties that are considered nominal are those that have "no personal stake in the outcome of the litigation" and who are "not necessary to an ultimate resolution." *Dempsey v. Transouth Mortgage Corp.*, 88 F.Supp.2d 482, 484 (W.D.N.C.1999).

■ The removing party bears the burden of demonstrating that a nondiverse defendant is a formal or nominal party whose citizenship may be ignored for diversity purposes, *see Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir. 1992). RLI has met that burden. As stated, the complaint seeks no relief from O'Neill and Moose. Although plaintiff states that they are proper party defendants "because any determination made by the Court directly affects them and their interest in the underlying *O'Neill* action," Affidavit of Gary H. Abelson (Docket # 7) ¶ 5, he fails to explain how they would or could be affected by any rulings or determinations made in this action.

■ The only conceivable way that O'Neill and Moose could have a stake in the case at bar would be if they recover damages in their personal injury action against McAlpin in excess of his coverage under his policy with Progressive, and plaintiff is unable to pay the excess. In that event, though, O'Neill and Moose would have the same interests as plaintiff: requiring RLI to indemnify plaintiff.

The Supreme Court stated in *Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 69–70, 62 S.Ct. 15, 86 L.Ed. 47 (1941), that

> [d]iversity jurisdiction cannot be conferred upon the federal courts by the parties' own determination of who are plaintiffs and who defendants. It is our duty ... to "look beyond the pleadings and arrange the parties according to their sides in the dispute." ... Litigation is the pursuit of practical ends, not a game of chess. Whether the necessary "collision of interests," ... exists is therefore not to be determined by mechanical rules. It must be ascertained from the "principal purpose of the suit," ... and the "primary and controlling matter in dispute". . . .

*See also Maryland Casualty v. W.R. Grace & Co.*, 4 F.3d 155, 160 (2d Cir.1993) (adopting "collision of interests" test for determining whether diversity exists and whether to realign parties according to their true interests).

For purposes of deciding whether the Court has subject matter jurisdiction and whether removal was therefore proper, I will treat O'Neill and Moose as plaintiffs, not defendants. I do harbor serious doubts about whether they actually have any "standing" to bring a claim against RLI for the relief sought by McAlpin, but I need not reach that issue today.

### CONCLUSION

The Court finds that it has subject matter jurisdiction over this action, and that the action was therefore properly removed pursuant to 28 U.S.C. § 1441, and plaintiffs' application to remand to Ontario Supreme Court is denied.

IT IS SO ORDERED.